IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCISCO BERNAL MARTINEZ,

           **Plaintiff,**

     v.                              CASE NO. 07-3029-SAC

E.J. GALLEGOS, et al.,

           **Defendants.**

### O R D E R

This civil rights "complaint" was filed by plaintiff while "confined" by the United States Immigration and Customs Enforcement Processing Center (ICE) in Aurora, Colorado. Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2). However, plaintiff has not provided the "certified copy of (his) trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint" as required by 28 U.S.C. 1915(a)(2), even though he refers to it in his motion.

Plaintiff names the Warden at the United States Penitentiary, Leavenworth, Kansas (USPL) and several correctional officers at the USPL as defendants. He encaptions his initial pleading as "Civil Rights Complaints under 42 U.S.C. 1983 or Biven Action" (Doc. 1). The body of the "complaint" is his "affidavit" made "in support of (his) claims of brutality, misconduct, and overall violations of (his) civil rights" by "Officers and Personnel of the Federal Prison System, particularly those at the" USPL. Plaintiff alleges he is a citizen of Cuba and was a federal prisoner. He describes events as having occurred on May 4, 2003, during his incarceration at the USPL, which he alleges culminated in his being "badly beaten and

assaulted" by defendant officers Rocha, Darrow, James and "several other officers."  He further alleges the officers burned his skin with a gel, and Officer Rocha slashed his neck 10 times with a knife.  He claims he was then taken to the Emergency Medical Unit where defendant Darrow stated to the medical officer that plaintiff had tried to kill himself with an unknown weapon, and as a result he was placed on suicide watch.  He further claims medical personnel and officers threatened to kill him, heavily drugged him, and the next morning set him up to use a knife on an officer, resulting in his being jumped by six riot officers and injured.  He also complains of conditions in the cells where he was taken, and states he was tortured by being repeatedly put in a shower with the hot water on full, which burned his skin and stripped his hair; and then left for 3 days chained to the floor exposed to cold and without food.  He claims on May 20, 2003, he was taken to federal court by the U.S. Marshal Service in Kansas City on the charge of "assault" on a prison officer.  He alleges he was sentenced on October 12, 2004, and while no longer tortured, he was continually subjected to verbal provocation and death threats.  He claims he told the federal judge that sentenced him about the alleged mistreatment, and named the defendants.

On March 15, 2005, Mr. Martinez was removed from the USPL and transferred to a maximum security facility at Florence, Colorado, where he served out his sentence.  He also states on July 3, 2006, he was released to the Park County Detention Center, a contract holding facility for ICE, where he now resides.

Plaintiff does not request any relief.

The court finds that plaintiff should be required to submit his

2

claims on forms provided by the court for federal civil rights actions under <u>Bivens</u>, See D. Kan. Rule 9.1., and that he should state on the forms what relief he seeks.

The court further finds that plaintiff must provide the "certified copy of (his) inmate account for the 6 months preceding the filing of this complaint" as required by statute in support of his Motion for leave to proceed without prepayment of fees (Doc. 2).

Because Mr. Martinez is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed as untimely.  The statute of limitations for bringing a civil rights complaint is two years.  Plaintiff complains of events which he states occurred in 2003.  Plaintiff is hereby required to show cause why this action should not be dismissed as not filed within the statute of limitations.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit his complaint upon forms provided by the court with the above case number written in the caption; to submit a certified copy of his inmate account for the preceding 6-months in support of his motion for leave to proceed without prepayment of fees; and to show cause why this action should not be dismissed as untimely.

The Clerk is directed to transmit forms to plaintiff for filing a civil rights complaint pursuant to <u>Bivens</u>, 28 U.S.C. 1331.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2007, at Topeka, Kansas.

<pre>
                                    s/Sam A. Crow
                                    U. S. Senior District Judge
</pre>

4