IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCISCO BERNAL MARTINEZ,

           Plaintiff,

    v.                                    CASE NO. 07-3029-SAC

E.J. GALLEGOS, et al.,

           Defendants.

### O R D E R

On March 1, 2007, this court entered an order granting plaintiff thirty days in which to submit his complaint upon forms provided by the court, submit a certified statement of his inmate account in support his motion to proceed without prepayment of fees, and show cause why this action should not be dismissed as barred by the statute of limitations. The time allotted by the court has passed, and plaintiff has filed an Amended Complaint (Doc. 7), a Supplement to his Motion to Proceed in forma pauperis (Doc. 6) including a statement of his inmate account, a Second Motion for Leave to Proceed in forma pauperis (Doc. 8), and a Second Motion to Appoint Counsel[1] (Doc. 9). Having considered all materials filed by plaintiff, the court finds as follows.

After reviewing plaintiff's financial records, the court

---

[1] Plaintiff has written the undersigned judge a letter inquiring about the status of his case and his motion to appoint counsel. He has no right to the appointment of counsel in this civil action, and his documents in support of his motion do not indicate that he has sought representation from private counsel.

finds no initial partial filing fee may be imposed due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis.

Plaintiff's Amended Complaint does not include all the information requested in the court's 1331/Bivens complaint forms[2]. Instead, plaintiff has basically resubmitted his affidavit, which was filed as his original complaint, with a few sheets of the forms. However, the court does not dismiss this action on account of plaintiff's failure to complete and submit the court-provided forms.

Nevertheless, the court concludes this action must be dismissed, upon screening, because it was not filed within the applicable statute of limitations. As noted in the court's prior order, Mr. Martinez claims brutality, misconduct, and overall violations of his civil rights by defendants who are "Officers and Personnel of the Federal Prison System, particularly those at the (USPL)." In support, he describes events which allegedly occurred in May, 2003. Plaintiff also alleges he was sentenced in federal court (for assaulting an officer at the time he was being tortured) in October, 2004, and that he was no longer being tortured at that time[3]. On March 15, 2005, Mr. Martinez was transferred to a

---

[2] Plaintiff did not request any relief in his original complaint, and was directed to state what relief he seeks in his form complaint. In his amended complaint he simply states he wants the court to punish defendants for their inhumane acts.

[3] Plaintiff alleges he was continually subjected to verbal provocation and death threats after the torture ceased. However,

maximum security facility at Florence, Colorado; and on July 3, 2006, he was released to the Park County Detention Center, a contract holding facility for ICE.

In its prior Order the court found, upon screening the complaint pursuant to 28 U.S.C. 1915A(a) and (b), that the complaint on its face appeared to be untimely. The court noted that the statute of limitations for bringing a civil rights complaint is two years, and that the events upon which the complaint is based occurred in 2003. Plaintiff was required to show cause why this action should not be dismissed because it was not filed within the statute of limitations. Nothing plaintiff has filed addresses the statute of limitations problem. The court finds that the untimeliness of the complaint is evident from its face, and that plaintiff has failed to show cause why this action should not be dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 & 8) are granted.

**IT IS FURTHER ORDERED** that this action is dismissed as time-barred, and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Docs. 4 & 9) are denied as moot.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2007, at Topeka, Kansas.

---

verbal threats and provocation are not grounds for relief under <u>Bivens</u>.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

4